**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | |
| Plaintiff, | : | CONSOLIDATED |
| | : | Civil Action No. 05-811-KAJ |
| v. | : | Civil Action No. 05-839-KAJ |
| | : | |
| DETECTIVE MARZEC, in his individual and official capacity, DAVID HUME IV, TOWN OF DELMAR, DEPARTMENT OF DRUG ENFORCEMENT, and AGENT TOM JACOBS, | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS
MARZEC'S AND JACOBS'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (I.D. No. #4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware 19801
Dated: May 4, 2006.        (302) 573-6277

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.   PLAINTIFF'S CLAIMS SHOULD NOT BE CONSIDERED
     BECAUSE THEY WERE NOT INCLUDED IN THE COMPLAINTS . . . . . . . . . . . . . 4

II.  EVEN IF PLAINTIFF'S CLAIMS ARE CONSIDERED, THEY
     SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM . . . . . . . . . . . . . . . 4

     A.   Plaintiff's Claim That The Search Warrant
          Was Invalid Because He Allegedly Lives In
          A "Double Wide" Trailer Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     B.   Plaintiff's Claim That The Search Warrant
          Was Invalid Because His Trailer Is Not
          "tan/beige with trim" Should Be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.   Plaintiff's Claim That The Search Warrant
          Was Invalid Because It Listed Plaintiff As
          Having An Ellendale, Delaware, Rather Than
          A Lincoln, Delaware Address, Should Be Dismissed. . . . . . . . . . . . . . . . . . . . . . 8

     D.   Plaintiff's Claim That The Search Warrant Was
          Not Supported By Probable Cause Should Be Dismissed . . . . . . . . . . . . . . . . . . 9

III. ALTERNATIVELY, MARZEC AND JACOBS ARE
     ENTITLED TO SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                    **PAGE**

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*D'Amico v. City of New York*,
    132 F.3d 145 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Franks v. Delaware*,
    438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Henthorn v. Dep't of Navy*,
    29 F.3d 682 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Malley v. Briggs*,
    475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pennsylvania ex rel. Zimmerman v. PepsiCo*,
    836 F.2d 173 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rivera v. United States*,
    928 F.2d 592 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Steele v. United States*,
    267 U.S. 498 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*United States v. Allen*,
    211 F.3d 970 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Bedford*,
    519 F.2d 650 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Burke*,
    784 F.2d 1090 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Burton*,
    288 F.3d 91 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Durk*,
    149 F.3d 464 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Gitcho*,
   601 F.2d 372 (8th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Johnson*,
   125 F. Supp. 2d 308 (N.D. Ill. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Metz*,
   608 F.2d 147 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Pelayo-Landero*,
   285 F.3d 491 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*United States v. Ritter*,
   416 F.3d 256 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Sherrell*,
   979 F.2d 1315 (8th Cir. 1992)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Turner*,
   770 F.2d 1508 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*United States v. Ventresca*,
   380 U.S. 102 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wilson v. Russo*,
   212 F.3d 781 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**PRELIMINARY STATEMENT**

On March 31, 2006, Defendants Marzec and Jacobs moved to dismiss Plaintiff's Complaints or, in the alternative, for summary judgment (C.A. No. 05-811, Doc. No. 15), and filed an Opening Brief in support thereof (C.A. No. 05-811, Doc. No. 16). On April 10, 2006, Plaintiff filed a Memorandum in opposition to that Motion. (C.A. No. 05-811, Doc. No. 18.) On April 27, 2006, Plaintiff filed a document entitled "Memorandum For Steve Hickman" in further opposition to Marzec's and Jacobs' Motion. (C.A. No. 05-811, Doc. No. 19.) Plaintiff also filed several photographs, some of which depict a tan/beige trailer with white trim. (C.A. No. 05-811, Doc. No. 20.) This is Marzec's and Jacobs's Reply to Plaintiff's filings.

Plaintiff's filings make a number of confusing and erroneous claims but fail to explain why his Complaints should survive dismissal and/or summary judgment. For example, Plaintiff erroneously claims that Agent Chris Quaglino is a defendant in C.A. No. 05-839 and has not responded to that Complaint. (C.A. No. 05-811, Doc. No. 18 at Cover Page.) In fact, Quaglino is *not* named a defendant in C.A. No. 05-839; he is merely mentioned in the "Statement of Claim."[1] (*See* C.A. No. 05-839, Doc. Nos. 2, 8.) Plaintiff also claims that he has made a Double Jeopardy claim to which the Defendants failed to respond. (C.A. No. 05-811, Doc. No. 18 at 1.) In the Complaint in C.A. No. 05-811, Defendant attempted to make what might be construed as a Double Jeopardy claim when he alleged that state prosecutor David Hume "knowingly prosecuted me on this second + same charge vigorously at my Preliminary Hearing . . . ." (C.A. No. 05-811, Doc. No. 2 at 3.) Even if that allegation sufficed to state a Double Jeopardy claim

---

[1] Even if Quaglino were named a defendant in either of the Complaints, he would be entitled to dismissal and/or summary judgment for the same reasons explained in Marzec's and Jacobs's Opening Brief and herein.

however, the claim is asserted against Hume, not Marzec and Jacobs.[2]

Plaintiff also makes a number of statements about the search warrant that is at the focus of Plaintiff's purported *Bivens* claims.  For example, Plaintiff alleges – *in his briefs but not in his Complaints* – that he lives in a "Double Wide" trailer (the search warrant was for a "trailer") that is not "tan/beige with trim" as indicated in the search warrant.  (C.A. No. 05-811, Doc. No. 18 at 1; Doc. No. 19 ¶ 4.)  Even if those allegations were included in Plaintiff's Complaints and even if they are true, as explained below that still would not save Plaintiff's Complaints from dismissal and/or summary judgment.

Plaintiff also claims that Marzec – the agent who applied for the search warrant – "knows the difference between Ellendale and Lincoln," and that the alleged mistaken reference to Ellendale in the search warrant was due to Marzec's "sloppy" police work.  (C.A. No. 05-811, Doc. No. 18 at 1-3.)  Alternatively, Plaintiff claims that Marzec and Jacobs knew that Plaintiff's residence was in Lincoln, suggesting that – for some unknown reason – they intentionally rather than mistakenly stated in the search warrant that Plaintiff's residence was in Ellendale.  (C.A. No. 05-811, Doc. No. 19 ¶¶ 2, 4.)  Plaintiff's purported "evidence" for this latter assertion is a Report of Investigation filled out by TFO Marvin Mailey – *not Marzec or Jacobs* – that states that Plaintiff's Greentop Road residence is in Lincoln.  (*Id.* Ex. B-1, B-2.)  As explained below, even if it were true that Marzec and Jacobs intentionally or recklessly misstated which town Plaintiff lived in, that still would not state a claim because that information was not material to the finding of probable cause.  Moreover, Marzec's declaration makes clear that he and Jacobs

---

[2]All claims against Hume were dismissed by the Court on February 1, 2006.  (C.A. No. 05-811, Doc. No. 5.)

reasonably relied in good faith on a computer search that indicated that Tawanda Weatherspoon lived at a rural route address in Ellendale, Delaware, the same location that Marzec knew was the Greentop Road residence where he had repeatedly observed Plaintiff and Weatherspoon.  Thus, even if Plaintiff is right that Plaintiff's trailer on Greentop Road is technically located in the neighboring town of Lincoln, Delaware – contrary to what Marzec's computer indicated – and even assuming that means the search warrant was therefore invalid, Marzec and Jacobs would still be entitled to summary judgment based on their qualified immunity.  Whether Marzec "knows the difference between Ellendale and Lincoln" is irrelevant.

Finally, Plaintiff alleges in his briefs that Marzec searched his residence without probable cause – yet another claim that he failed to include in his Complaints. (C.A. No. 05-811, Doc. No. 18 at 4; Doc. No. 19 ¶ 4.)  Even if the Court were to consider this claim, however, the claim should be dismissed because the search warrant on its face was supported by probable cause and Plaintiff does not identify which of the statements in the search warrant he claims are false.  Moreover, even if the search warrant were not supported by probable cause, the claim should still be dismissed because Marzec's affidavit is not so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable.  Accordingly, as explained below, Marzec and Jacobs are entitled to dismissal of Plaintiff's Complaints and/or summary judgment.

# ARGUMENT

## I. PLAINTIFF'S CLAIMS SHOULD NOT BE CONSIDERED BECAUSE THEY WERE NOT INCLUDED IN THE COMPLAINTS.

Plaintiff raises two new claims in his filings each of which he failed to include in his Complaints. Specifically, Plaintiff now claims that the search warrant was (1) invalid because he actually lives in a "Double Wide" trailer (as opposed to a "trailer") which is not "tan/beige with trim" as indicated in the search warrant (C.A. No. 05-811, Doc. No. 18 at 1); and (2) not supported by probable cause (*id.* at 4). Because neither of those allegations were included in Plaintiff's Complaints, they should not be considered by the Court now. *See, e.g.*, *Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("[T]he legal theories set forth in Pennsylvania's brief are helpful only to the extent that they find support in the allegations set forth in the complaint. It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alterations omitted); *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("[T]he sparse case law addressing the effect of factual allegations in briefs or memoranda of law suggests that such matters may never be considered when deciding a 12(b)(6) motion, and most certainly may not be considered when the facts they contain contradict those alleged in the complaint.") (citations omitted).

## II. EVEN IF PLAINTIFF'S CLAIMS ARE CONSIDERED, THEY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### A. Plaintiff's Claim That The Search Warrant Was Invalid Because He Allegedly Lives In A "Double Wide" Trailer Should Be Dismissed.

As explained in Marzec's and Jacobs's Opening Brief, a search warrant provides a sufficient description of the place to be searched for purposes of the Fourth Amendment if the

"description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925); *see also United States v. Bedford*, 519 F.2d 650, 655 (3d Cir. 1975) (same). "The standard . . . is one of practical accuracy rather than technical nicety." *Bedford*, 519 F.2d at 655 (quotations omitted). "Courts routinely have upheld warrants . . . 'where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place with particularity.'" *United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998) (quoting *United States v. Gitcho*, 601 F.2d 372, 371 (8th Cir. 1979)).

Plaintiff's contention that he lives in a "Double Wide" trailer – as opposed to a trailer – does not sufficiently allege that the search warrant was invalid. The search warrant also failed to state that Plaintiff's front lawn has green grass and that his shutters are dark brown. However, whether a search warrant is sufficiently particular is determined by what it says, not on details it allegedly omits. *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."). All that is required is that the search warrant contain a "description [that] is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Steele*, 267 U.S. at 503.

Here, the search warrant correctly stated that Plaintiff lived in a trailer at 9008 Greentop Road in Sussex County, Delaware, and made clear that Marzec and Jacobs had observed Plaintiff at that location on several occasions. Accordingly, the description was more than adequate to demonstrate that Marzec and Jacobs could "with reasonable effort ascertain and identify the place intended." *Steele*, 267 U.S. at 503; *see also United States v. Pelayo-Landero*, 285 F.3d

5

491, 495 (6th Cir. 2002) (upholding search warrant alleged to be invalid in part because the "officers had observed this trailer for days, and had surveilled and electronically monitored a drug transaction that occurred within," which "completely eliminated the possibility that the wrong trailer would be searched"); *United States v. Burke*, 784 F.2d 1090, 1092-93 (11th Cir. 1986) (upholding search warrant even though warrant was for "38 Throop Street," instead of the correct address "48 Troup Street," in part because one of the officers involved had been to the premises before and "knew precisely which premises were to be searched"). The search warrant was therefore not invalid simply because it stated that Plaintiff's residence was a trailer, as opposed to a "Double Wide" trailer.

### B. Plaintiff's Claim That The Search Warrant Was Invalid Because His Trailer Is Not "tan/beige with trim" Should Be Dismissed.

Even if Plaintiff's trailer is not "tan/beige with trim" as Plaintiff claims in his briefs, that also does not mean that the search warrant was invalid. As explained above, the issue is whether the warrant described Plaintiff's residence with sufficient particularity so that Marzec and Jacobs could "with reasonable effort ascertain and identify the place intended," *Steele*, 267 U.S. at 503, or, as other courts have phrased it, whether the description of the place to be searched was so bad so as to create a chance that the wrong premises would be searched, *see, e.g. Pelayo-Landero*, 285 F.3d at 495 (upholding search warrant that "completely eliminated the possibility that the wrong trailer would be searched"); *United States v. Sherrell*, 979 F.2d 1315, 1317 (8th Cir. 1992) (upholding search warrant in part because "Carver, who had previously entered the property and observed it from air and from land, accompanied the executing officers, [and therefore] there was no chance the officers would search the wrong premises."); *United States v. Turner*, 770 F.2d

1508, 1511 (9th Cir. 1985) (upholding search warrant in part because there was "virtually no chance" that the officer would search the wrong house when "no nearby house met the warrant's detailed description; the address in the warrant was reasonable for the location intended; the house had been under surveillance before the warrant was sought; the warrant was executed by an officer who had participated in applying for the warrant and who personally knew which premises were intended to be searched; and the premises that were intended to be searched were those actually searched"). Plaintiff's allegations, even if they are true, do not indicate that there was a chance that Marzec and Jacobs would search the wrong residence.

Plaintiff does not claim, for example, that his trailer is actually some color far different that tan/beige with white trim, and that a neighbor's trailer that is tan/beige with white trim might mistakenly have been searched. All Plaintiff says is that his trailer is not "tan/beige with trim." Even if that is true and, for example, his trailer is actually a shade of brown with yellow trim,[3] there still would have been no chance that Marzec and Jacobs would have searched the wrong residence given that they knew the street address – 9008 Greentop Road – and had observed Plaintiff at that location on several prior occasions. Accordingly, none of the allegations that Plaintiff makes in his briefs suffice to show that the search warrant's description of Plaintiff's residence was so bad as to render the warrant invalid.

---

[3] If Plaintiff's trailer truly were some color other than tan/beige with white trim, he could easily submit a photograph of his trailer. Plaintiff did file several photographs of a trailer that is tan/beige with white trim – just like the search warrant states – but he does not state whether the photographs are of his trailer. (*See* C.A. No. 05-811, Doc. No. 20.)

  **C.** **Plaintiff's Claim That The Search Warrant Was Invalid Because It Listed Plaintiff As Having An Ellendale, Delaware, Rather Than A Lincoln, Delaware Address, Should Be Dismissed.**

As explained in Marzec's and Jacobs's Opening Brief, even if the search warrant mistakenly stated that Plaintiff's residence was in Ellendale, Delaware, rather than in the neighboring town of Lincoln, Delaware, that still would not mean that the search warrant was invalid. (*See* C.A. No. 05-811, Doc. No. 16 at 10 (citing cases).) In response, Plaintiff claims that Marzec and Jacobs knew that Plaintiff's residence was in Lincoln, suggesting that – for some unknown reason – they intentionally rather than mistakenly stated in the search warrant that Plaintiff's residence was in Ellendale. (C.A. No. 05-811, Doc. No. 19 ¶¶ 2, 4.) However, Plaintiff's only purported "evidence" for this latter assertion is a Report of Investigation filled out by TFO Marvin Mailey – *not Marzec or Jacobs* – that states that Plaintiff's Greentop Road residence is in Lincoln. (*Id.* Ex. B-1, B-2.) Obviously, that "evidence" does not support Plaintiff's contention that Marzec and Jacobs intentionally misstated the town that Plaintiff lives in and, accordingly, that claim should be rejected.[4]

  Moreover, *even if* Marzec and Jacobs intentionally misstated the town that Plaintiff lived in, they still would be entitled to dismissal based on their qualified immunity because whether Plaintiff lived in Ellendale or Lincoln was not material to the finding of probable cause to search his residence. *See, e.g.*, *Wilson v. Russo*, 212 F.3d 781, 786-89 (3d Cir. 2000) (holding that police officers are entitled to qualified immunity unless the plaintiff proves by a preponderance of the evidence that the search warrant intentionally or recklessly misstates or omits facts

---

[4]That claim should also be rejected as illogical because Marzec and Jacobs would have gained nothing by intentionally misstating the town.

*and* that those facts are "material, or necessary, to the finding of probable cause"). As explained in Marzec's and Jacobs's Opening Brief, the search warrant particularly described Plaintiff's residence even if it is true that Plaintiff lives in Lincoln and not the neighboring town of Ellendale. Accordingly, Plaintiff's suggestion that Marzec and Jacobs intentionally or recklessly misstated the town does not state a claim.

      **D.**    **Plaintiff's Claim That The Search Warrant Was Not Supported By Probable Cause Should Be Dismissed.**

Police officers like Marzec and Jacobs are entitled to qualified immunity for their conduct in obtaining a search warrant unless the warrant "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). The issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause, *see United States v. Ventresca*, 380 U.S. 102, 109 (1965), and a plaintiff who argues that such a warrant was issued on less than probable cause faces a heavy burden, *see, e.g., Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991). In order to mount such a challenge, the plaintiff must make a "substantial preliminary showing" that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Here, the search warrant on its face was supported by probable cause. Moreover, Plaintiff does point to any specific statements in the affidavit that he claims are false, nor does he make *any* showing – much less a substantial showing – that there are false statements in the affidavit that were made knowingly

and intentionally, or with a reckless disregard for the truth. For all these reasons, Plaintiff's allegation that the search warrant was not supported by probable cause should be dismissed.

First of all, it is clear that the search warrant on its face is supported by probable cause. The Supreme Court held in *Illinois v. Gates* that the existence of probable cause is determined by examining the "totality of the circumstances." 462 U.S. 213, 230-31 (1983); *see also United States v. Ritter*, 416 F.3d 256, 263-64 (3d Cir. 2005). Here, Marzec's affidavit relies in part on a reliable confidential informant who has provided information to law enforcement in the past that led to arrests, and who has never provided information proven to be false, and in part on Marzec's personal observations of Plaintiff which confirmed the source's allegations. (C.A. No. 05-811, Doc. No. 16, Ex. B.) Notably, Marzec observed Plaintiff engage in transactions that Marzec knew from his experience as a police officer to be drug transactions, after which Plaintiff immediately returned to his residence at 9008 Greentop Road. (*Id.* ¶ 9.) As a result, the search warrant demonstrates probable cause to search Plaintiff's residence. *See, e.g.*, *United States v. Burton*, 288 F.3d 91, 104 (3d Cir. 2002) ("While we generally accept the common sense proposition that drug dealers often keep evidence of their transactions at home . . ., that inference is much stronger when the home is the first place a drug dealer proceeds following such a transaction.) (citations omitted).

Moreover, Plaintiff does not point to any specific statements in Marzec's affidavit that he claims are false, as Plaintiff must do to mount a *Franks* challenge. *See, e.g.*, *United States v. Johnson*, 125 F. Supp. 2d 308, 310 (N.D. Ill. 2000); *United States v. Metz*, 608 F.2d 147, 155 (5th Cir. 1979). All Plaintiff offers is the conclusory assertion that Marzec "acted on a hunch and not [on] probable cause." (C.A. No. 05-811, Doc. No. 18 at 4.) That does not suffice.

Accordingly, Plaintiff's claim that Marzec and Jacobs searched his residence without probable cause must fail. As a result, Plaintiff's Complaints should be dismissed.

### III.   ALTERNATIVELY, MARZEC AND JACOBS ARE ENTITLED TO SUMMARY JUDGMENT.

Alternatively, Marzec and Jacobs are entitled to summary judgment for the reasons explained in their Opening Brief. (*See* C.A. No. 05-811, Doc. No. 16 at 12-16.) Notably, Plaintiff does not point to any evidence – as he must do in response to a Rule 56 motion – that disputes Marzec's and Jacobs's assertion that they reasonably relied in good faith on a computer search that indicated that Plaintiff lived in Ellendale. *See* FED. R. CIV. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *see also D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (holding that when confronted by a Rule 56 motion, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some *hard evidence* showing that its version of the events is not wholly fanciful.") (emphasis added). Accordingly, Marzec and Jacobs are entitled to summary judgment based on their qualified immunity.

## CONCLUSION

For the foregoing reasons, and as explained in Marzec's and Jacobs's Opening Brief, Plaintiff's Complaints should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In the alternative, Defendant's Marzec and Jacobs are entitled to summary judgment of Plaintiff's Complaints.

DATED: May 4, 2006.

        Respectfully Submitted,

        COLM F. CONNOLLY
        United States Attorney

  By:    /s/ Seth M. Beausang
        Seth M. Beausang (I.D. No. 4071)
        Assistant United States Attorney
        The Nemours Building
        1007 Orange Street, Suit 700
        Wilmington, DE 19801
        (302) 573-6277

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | |
| Plaintiff, | : | CONSOLIDATED |
| | : | Civil Action No. 05-811-KAJ |
| v. | : | Civil Action No. 05-839-KAJ |
| | : | |
| DETECTIVE MARZEC, in his | : | |
| individual and official capacity, | : | |
| DAVID HUME IV, TOWN OF | : | |
| DELMAR, DEPARTMENT | : | |
| OF DRUG ENFORCEMENT, | : | |
| and AGENT TOM JACOBS, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

     I, Seth M. Beausang, hereby attest under penalty of perjury that on this 4th day of May, 2006, I caused two copies of the Reply Brief in Support of Defendants Marzec's and Jacobs's Motion to Dismiss Or, In the Alternative, for Summary Judgment, to be served on the Plaintiff by First Class Mail at the following address:

Steve A. Hickman
9008 Greentop Rd.
Lincoln, DE 19960

and counsel for the Town of Delmar by First Class Mail at the following address:

Daniel A. Griffith, Esq.
1220 Market Street, 5th Floor
Wilmington, DE. 19801

                                                            /s/ Seth M. Beausang
                                                Seth M. Beausang (DE I.D. No. 4071)